1  Amy B. Vandeveld, SBN 137904
   LAW OFFICES OF AMY B. VANDEVELD
2  1850 Fifth Avenue, Suite 22
   San Diego, California  92101
3  Telephone:  (619) 231-8883
   Facsimile:  (619) 231-8329
4
   Attorney for Plaintiff
5

FILED

07 OCT 19  AM 9: 02

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

6

7

8            IN THE UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10  KAREL SPIKES,                    Case No. 07 CV 2026 DMS (WMC)

11         Plaintiff,

12  vs.                              CIVIL COMPLAINT

13  IN & OUT CAR WASH, INC. dba NORTH    DEMAND FOR JURY TRIAL
    PARK CAR WASH; DOUBLE D & DOUBLE J,  [F.R.C.P. §38(b); Local
14  LLC and DOES 1 THROUGH 10, Inclusive, Rule 38.1]

15         Defendants.

16

17      Plaintiff, KAREL SPIKES (hereinafter referred to as

18  "Plaintiff"), file this cause of action against Defendants IN &

19  OUT CAR WASH, INC. dba NORTH PARK CAR WASH (hereinafter ✳NORTH

20  PARK CAR WASH✳), DOUBLE D & DOUBLE J, LLC and DOES 1 THROUGH 10,

21  Inclusive, and would show unto the Court the following:

22                              I.

23                  JURISDICTION AND VENUE

24      1.   This Court has original jurisdiction of this civil

25  action pursuant to 28 USC §1331, 28 USC §§1343(a)(3) and

26  1343(a)(4) for claims arising under the Americans with

27  Disabilities Act of 1990, 42 USC §12101 et seq. and the Court's

28  supplemental jurisdiction, 28 USC §1367.

1    2.    Venue in this Court is proper pursuant to 28 USC
2 §§1391(b) and (c).
3    3.    Pursuant to 28 USC §1367(a), Plaintiff shall assert all
4 causes of action based on state law, as plead in this complaint,
5 under the supplemental jurisdiction of the federal court.  All
6 the causes of action based on federal law and those based on
7 state law, as herein stated, arose from a common nuclei of
8 operative fact.  That is, Plaintiff was denied equal access to
9 Defendants' facilities, goods, and/or services in violation of
10 both federal and state laws and/or was injured due to violations
11 of federal and state access laws.  The state actions of Plaintiff
12 are so related to the federal actions that they form part of the
13 same case or controversy.  The actions would ordinarily be
14 expected to be tried in one judicial proceeding.
15                              II.
16                          **THE PARTIES**
17    4.    Defendant NORTH PARK CAR WASH is, and at all times
18 mentioned herein was, a business or corporation or franchise
19 organized and existing and/or doing business under the laws of
20 the State of California.  NORTH PARK CAR WASH is located at 3401
21 University Avenue, San Diego, CA (hereinafter "the subject
22 property".)  Plaintiff is informed and believes and thereon
23 alleges that Defendant NORTH PARK CAR WASH is, and at all times
24 mentioned herein was, the owner, lessor or lessee of the subject
25 property and/or the owner and/or operator of the public
26 accommodation located at the subject property.
27    5.    Defendant DOUBLE D & DOUBLE J, LLC is, and at all times
28 mentioned herein was, a business or corporation or franchise

2

1   organized and existing in and/or doing business under the laws of

2   the State of California.  Plaintiff is informed and believes and

3   thereon alleges that Defendant DOUBLE D & DOUBLE J, LLC is, and

4   at all times mentioned herein was, the owner, lessor or lessee of

5   the subject property.

6        6.   Plaintiff is informed and believes, and thereon

7   alleges, that Defendants and each of them herein were, at all

8   times relevant to the action, the owners, franchisees, lessees,

9   general partners, limited partners, agents, employees, employers,

10  representing partners, subsidiaries, parent companies, joint

11  venturers and/or divisions of the remaining Defendants and were

12  acting within the course and scope of that relationship.

13  Plaintiff is further informed and believes, and thereon alleges,

14  that each of the Defendants herein gave consent to, ratified,

15  and/or authorized the acts alleged herein of each of the

16  remaining Defendants.

17       7.   Plaintiff is an otherwise qualified disabled individual

18  as provided in the Americans with Disabilities Act of 1990, 42

19  USC §12102, Part 5.5 of the California Health & Safety Code and

20  the California Unruh Civil Rights Act, §§51, et seq., 52, et

21  seq., the California Disabled Persons Act, §§54, et seq., and

22  other statutory measures which refer to the protection of the

23  rights of "physically disabled persons." Plaintiff visited the

24  public accommodation owned and/or operated by Defendants and/or

25  located at the subject property for the purpose of availing

26  himself of the goods, services, facilities, privileges,

27  advantages, or accommodations operated and/or owned by Defendants

28  and/or located on the subject property.

1        8.    Plaintiff is informed and believes and thereon alleges
2   that the subject facility has been newly constructed and/or
3   underwent remodeling, repairs, or alterations since 1971, and
4   that Defendants have failed to comply with California access
5   standards which applied at the time of each such new construction
6   and/or alteration.

7                                  III.

8                                 FACTS

9        9.    Plaintiff has a mobility impairment and uses a
10  wheelchair.  Moreover, he has had a history of or has been
11  classified as having a physical impairment, as required by 42 USC
12  §12102(2)(A).

13       10.   On or about March 29, 2007 and continuing through the
14  present date, Plaintiff was denied full and equal access to the
15  facilities owned and/or operated by the Defendants because the
16  facility and/or subject property were inaccessible to members of
17  the disabled community who use wheelchairs for mobility.
18  Plaintiff was denied full and equal access to portions of the
19  property because of barriers which included, but are not limited
20  to, inaccessible path of travel, inaccessible cashier counter,
21  inaccessible restroom facilities and lack of an accessible
22  parking space, as well as, lack of signage for such space.
23  Plaintiff was also denied full and equal access because of
24  discriminatory policies and practices regarding accommodating
25  people with disabilities.  Plaintiff filed this lawsuit to compel
26  compliance with access laws and regulations.

27       11.   As a result of Defendants' failure to remove
28  architectural barriers, Plaintiff suffered injuries.  People with

1 disabilities, because of the existing barriers, are denied full
2 and equal access to the Defendants' facilities.  The ADA has been
3 in effect for more than 16 years.  Given the vast availability of
4 information about ADA obligations, including FREE documents which
5 are available from the U.S. Department of Justice by calling
6 (800) 514-0301 or at the following web sites:
7 **www.sba.gov/ada/smbusgd.pdf**, **www.ada.gov/taxpack.pdf** and
8 **www.usdoj.gov/crt/ada**, the failure of Defendants to comply with
9 their barrier removal obligations is contemptible.
10        12.  Plaintiff is an otherwise qualified individual as
11 provided in the Americans with Disabilities Act or 1990, 42 USC
12 §12102, the Rehabilitation Act of 1973, Section 504 (as amended
13 29 USC §794) and the California Unruh Civil Rights Act, Civil
14 Code §§51, 52, 54.1, and 54.3, and other statutory measures which
15 refer to the protection of the rights of "physically disabled
16 persons."  Plaintiff visited the public facilities owned and
17 operated by Defendants for the purpose of availing himself of the
18 goods and services offered and provided by Defendants and/or for
19 the purpose of obtaining removal of architectural barriers and/or
20 modification of policies, practices and procedures to provide
21 accessibility to people with disabilities.  Plaintiff was injured
22 in fact, as set forth more specifically herein.
23        13.  Plaintiff alleges that Defendants will continue to
24 operate public accommodations which are inaccessible to him and
25 to other individuals with disabilities.  Pursuant to 42 USC
26 §12188(a), Defendants are required to remove architectural
27 barriers to their existing facilities.
28        14.  Plaintiff has no adequate remedy at law for the

1 injuries currently being suffered in that money damages will not
2 adequately compensate Plaintiff for the amount of harm suffered
3 as a result of exclusion from participation in the economic and
4 social life of this state.

5      15.   Plaintiff believes that architectural barriers
6 precluding Plaintiff full and equal access of the public
7 accommodation will continue to exist at Plaintiff's future
8 visits, which will result in future discrimination of Plaintiff,
9 in violation of the Americans with Disabilities Act.   Plaintiff
10 is currently being subjected to discrimination because Plaintiff
11 cannot make use of and obtain full and equal access to the
12 facilities, goods and/or services offered by Defendants to the
13 general public.   Plaintiff seeks damages for each offense
14 relating to each of Plaintiff's visits to the subject property
15 when Plaintiff was denied full and equal access to the subject
16 property or was deterred from attempting to avail himself of the
17 benefits, goods, services, privileges and advantages of the place
18 of public accommodation at the subject property because of
19 continuing barriers to full and equal access.

20                              **IV.**

21                       **FIRST CLAIM FOR**
        **VIOLATION OF AMERICAN WITH DISABILITIES ACT**
22                    **42 USC §12101, et seq.**

23      16.   Plaintiff re-alleges and incorporates by reference each
24 and every allegation contained in paragraphs 1 through 15,
25 inclusive, as though set forth fully herein.

26      17.   Plaintiff was denied full and equal access to
27 Defendants' goods, services, facilities, privileges, advantages,
28 or accommodations within a public accommodation owned, leased

1  and/or operated by Defendants, in violation of 42 USC §12182(a).

2  Plaintiff was, therefore, subjected to discrimination and is

3  entitled to injunctive relief pursuant to 42 USC §12188 as a

4  result of the actions or inaction of Defendants.

5      18.  Among other remedies, Plaintiff seeks an injunctive

6  order requiring compliance with state and federal access laws for

7  all access violations which exist at the property, requiring

8  removal of architectural barriers and other relief as the court

9  may deem proper.  Plaintiff also seeks any other order that will

10 redress the discrimination to which he has been subjected, is

11 being subjected and/or will be subjected.

12                              V.

13                    **SECOND CLAIM FOR**
                **VIOLATION OF CALIFORNIA CIVIL CODE**

14

15     19.  Plaintiff re-alleges and incorporates by reference each

16 and every allegation contained in paragraphs .1 through 18,

17 inclusive, as though set forth fully herein.

18     20.  Based on the facts plead hereinabove and elsewhere in

19 this complaint, Defendants did, and continue to, discriminate

20 against Plaintiff and persons similarly situated by denying

21 disabled persons full and equal access to and enjoyment of the

22 subject facilities and of Defendants' goods, services,

23 facilities, privileges, advantages or accommodations within a

24 public accommodation, in violation of California Civil Code §§51,

25 et seq., 52, et seq., and 54, et seq.

26     21.  Defendants' actions constitute a violation of

27 Plaintiff's rights under California Civil Code §§51, et seq., 52,

28 et seq., and 54, et seq. and therefore Plaintiff is entitled to

                              7

1  injunctive relief remedying all such violations of California

2  access laws and standards.   In addition, Plaintiff is entitled to

3  damages under California Civil Code §54.3 for each offense.   The

4  amount of damages suffered by Plaintiff is not yet determined.

5  When the amount is ascertained, Plaintiff will ask the Court for

6  leave to amend this complaint to reflect this amount.   Plaintiff

7  is also entitled to and requests attorneys' fees and costs.

8      22.   The actions of Defendants were and are in violation of

9  the Unruh Civil Rights Act, California Civil Code §§51, et seq.

10  and therefore Plaintiff is entitled to injunctive relief

11  remedying all such violations of California access laws and

12  standards.   In addition, Plaintiff is entitled to damages under

13  California Civil Code §52 for each offense.   The amount of

14  damages suffered by Plaintiff is not yet determined.   When the

15  amount is ascertained, Plaintiff will ask the Court for leave to

16  amend this complaint to reflect this amount.

17      23.   Plaintiff seeks all of the relief available to him

18  under Civil Code §§51, 52 et seq., 54, 54.1, ·54.2, 54.3, and any

19  other Civil Code Sections which provide relief for the

20  discrimination suffered by Plaintiff, including damages and

21  attorneys fees.

22                          **VI.**

23                  **THIRD CLAIM FOR**
                **VIOLATION OF HEALTH AND**
24              **SAFETY CODE §19950, ET SEQ.**

25      24.   Plaintiff re-alleges and incorporates by reference each

26  and every allegation contained in paragraphs 1 through 23,

27  inclusive, as though set forth fully herein. ,

28      25.   Defendants' facilities are public accommodations within

                              8

1  the meaning of Health and Safety Code §19950, et seq., and
2  Plaintiff is informed and believes and thereon alleges that
3  Defendants have newly built or altered the subject property
4  and/or the subject facility since 1971 within the meaning of
5  California Health and Safety Code §19959.  The aforementioned
6  acts and omissions of Defendants constitute a denial of equal
7  access to the use and enjoyment of the Defendants' facilities by
8  people with disabilities.

9       26.  Defendants' failure to fulfill their duties to provide
10 full and equal access to their facilities by people with
11 disabilities has caused Plaintiff to suffer deprivation of
12 Plaintiff's civil rights, as well as other injuries.

13      27.  As a result of Defendants' violations of Health and
14 Safety Code §§19955, et seq., described herein, Plaintiff is
15 entitled to and requests injunctive relief pursuant to Health and
16 Safety Code §§19953, and to reasonable attorney's fees and costs.

17                            **VII.**

18          **FOURTH CLAIM FOR DECLARATORY RELIEF**

19      28.  Plaintiff re-alleges and incorporates by reference each
20 and every allegation contained in paragraphs 1 through 27,
21 inclusive, as though set forth fully herein.

22      29.  An actual controversy now exists in that Plaintiff is
23 informed and believes and thereon alleges that Defendants'
24 premises are in violation of the disabled access laws of the
25 State of California including, but not limited to, Civil Code
26 §§51, et seq., §§52, et seq., §§54, et seq., Health and Safety
27 Code §§19950, et seq., Government Code §§4450, et seq. and 7250,
28 et seq., Title 24 of the California Code of Regulations, and/or

1  Title III of the Americans with Disabilities Act and its

2  implementing Accessibility Regulations.

3      30.  A declaratory judgment is necessary and appropriate at

4  this time so that each of the parties may know their respective

5  rights and duties and act accordingly.

6                              **VIII.**

7                   **FIFTH CLAIM FOR INJUNCTIVE RELIEF**

8      31.  Plaintiff re-alleges and incorporates by reference each

9  and every allegation contained in paragraphs 1 through 30,

10 inclusive, as though set forth fully herein.

11     32.  Plaintiff will suffer irreparable harm unless

12 Defendants are ordered to remove architectural barriers at

13 Defendants' public accommodation, and/or to modify their policies

14 and practices regarding accommodating people with disabilities.

15 Plaintiff has no adequate remedy at law to redress the

16 discriminatory conduct of Defendants.

17     33.  Plaintiff seeks injunctive relief to redress

18 Plaintiff's injuries.

19                              **IX.**

20                          **JURY DEMAND**

21     34.  Pursuant to Rule 38 of the Federal Rules of Civil

22 Procedure, Plaintiffs hereby request a jury trial.

23     WHEREFORE, Plaintiff prays for judgment against the

24 Defendants, NORTH PARK CAR WASH, DOUBLE D & DOUBLE J, LLC and

25 DOES 1 through 10, as follows:

26     1.   For injunctive relief, compelling Defendants to comply

27          with the Americans with Disabilities Act, the Unruh

28          Civil Rights Act and the Disabled Persons Act. Note:

                                 10

1        the plaintiff is not invoking section 55 of the

2        California Civil Code and is not seeking injunctive

3        relief under that section;

4    2.  That the Court declare the respective rights and duties

5        of Plaintiff and Defendants as to the removal of

6        architectural barriers at Defendants' public

7        accommodations;

8    3.  An order awarding Plaintiff actual, special and/or

9        statutory damages for violation of his civil rights and

10       for restitution including, but not limited to, damages

11       pursuant to the applicable Civil Code Sections

12       including, but not limited to, §§52 and 54.3 for each

13       and every offense of Civil Code §§51 and 54;

14   4.  An award of compensatory damages according to proof;

15   5.  An award of up to three times the amount of

16       actual damages pursuant to the Unruh Civil

17       Rights Act and the Disabled Persons Act; and

18   6.  An order awarding Plaintiff reasonable attorneys' fees

19       and costs;

20   7.  Such other and further relief as the Court deems

21       proper.

22   DATED:    9/20/07              LAW OFFICES OF AMY B. VANDEVELD

23

24

25                                 AMY B. VANDEVELD,
                                   Attorney for Plaintiff

26

27

28

                                   11

**CIVIL COVER SHEET**

JS44
(Rev. 07/89)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
RONNIE PIRES,

**DEFENDANTS**
IN & OUT CAR WASH, INC. dba NORTH PARK CAR WASH; DOUBLE D & DOUBLE J, LLC and DOES 1 THROUGH 10, Inclusive,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Amy B. Vandeveld, Esq.
LAW OFFICES OF AMY B. VANDEVELD
1850 Fifth Avenue, Suite 22
San Diego, CA 92101    (619) 231-8883

**ATTORNEYS (IF KNOWN)**

'07 CV 2026 DMS (WMC)

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**
- 1 U.S. Government Plaintiff
- XX 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT** (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 U.S.C. Sections 12101-12111, 11281-12184 and 12201 et. seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

(nature of suit checkboxes — Contract, Torts, Forfeiture/Penalty, Bankruptcy, Other Statutes, Real Property, Civil Rights, Prisoner Petitions)

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**
XX 1 Original Proceeding   2 Removal from State Court   3 Remanded from Appellate Court   4 Reinstated or Reopened   5 Transferred from another district (specify)   6 Multidistrict Litigation   7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $ to be determined at trial
JURY DEMAND: XX YES NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE     Docket Number

DATE 9/20/07     SIGNATURE OF ATTORNEY OF RECORD

#143687   $350   RO 10/18/07

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 143684    - KD
* * C O P Y * *
October 19, 2007
09:15:18

Civ Fil Non-Pris

USAO #.: 07CV2026
Judge..: DANA M SABRAW                    $350.00 CK
Amount.:
Check#.: BC 3269

Total-> $350.00

FROM: CIVIL FILING
      SPIKES V. IN & OUT CAR WASH, I
      ET AL